## U. S. POLLINS ET UX v. O. D. PETTUS ET UX

5-5320                                    458 S. W. 2d 724

Opinion delivered October 5, 1970
[Rehearing denied November 9, 1970.]

*Eugene B. Hall, Jr.,* for appellants.

*Hugh Lookadoo* and *Jimmy L. Featherston,* for appellees.

GEORGE ROSE SMITH, Justice. This suit was brought in 1969 by the appellees, O. D. Pettus and his wife, to quiet their title to a one-and-a-quarter-acre tract of land in Clark county. The tract is the site of a dwelling house, which was built by Henry O'Neal in 1945. During the 24 years between the construction of the house and the filing of this suit the property was under fence and was continuously occupied by the Pettuses and by their predecessors in title, the property having passed from the O'Neals down to the Pettuses in an unbroken chain of conveyances. Upon that proof the chancellor entered a decree quieting the Pettus title and canceling the appellants' paper title to the tract.

For reversal the appellants rely upon an error by which all the deeds in the chain of title from the O'Neals down to the Pettuses described only the forty-acre tract (NE¼ SE¼, § 33) that lies immediately west of the acre and a quarter in controversy. The little tract

in controversy actually lies within, and along the western border of, the forty-acre tract (NW¼ SW¼, § 34) that is just east of the forty acres described in the O'Neal-Pettus chain of title. Despite the error, the successive owners of the western forty have occupied the house, have believed themselves to be the owners of the acre and a quarter now in controversy, and have meant to claim it to the exclusion of anyone else.

Moreover, when the appellants first purchased the eastern forty-acre tract in 1964, their deed expressly excepted the acre and a quarter now in issue. It was not until 1967 that the appellants discovered the exception in their deed and induced their grantor to execute a second deed describing the acre and a quarter. That grantor, however, testified that she had never claimed the house and would not have signed the second deed if she had known that it included the house.

The chancellor was right in upholding the Pettuses' title. A situation substantially identical to this one was considered in *St. Louis S. W. Ry.* v. *Mulkey,* 100 Ark. 71, 139 S. W. 643, Ann. Cas. 1913C, 1939 (1911), where the prevailing party's deed did not describe the strip in controversy. It was shown, however, that the party's grantor had occupied the strip adversely, through tenants, for more than 20 years and intended to transfer it to his grantee along with the contiguous land described in the deed. We sustained the grantee's title, saying: "It is next contended that appellee can not claim the benefit of the adverse possession of her grantors because their deeds to her do not include the land. While it is true that the land described in the deed to her does not include the strip in controversy, still her grantors, whose adverse possession had probably already ripened into title, intended it should, and thought it did, and at the time of the conveyance transferred to her the possession of it in fact, intending that she should have all the land within the inclosure. This was sufficient, even if it be conceded that there was no conveyance of it in writing, and constituted such privity as entitled her to avail herself of his or their adverse

possession and to tack her possession to theirs if necessary to complete her title and claim of ownership." That holding was followed in *Howell* v. *Baskins,* 213 Ark. 665, 212 S. W. 2d 363 (1948). There is no distinction in principle between those cases and this one.

Affirmed.